UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14312-Civ-MOORE
(07-14034-Cr-MOORE)
MAGISTRATE JUDGE P. A. WHITE

TOMMY PENNAMON,                    :

          Movant,                  :

v.                                 :          REPORT OF
                                          MAGISTRATE JUDGE
UNITED STATES OF AMERICA  :

          Respondent.              :

_____

     This matter is before this Court on the movant's timely filed
motion to vacate pursuant to 28 U.S.C. §2255, attacking his
sentence for conspiracy to possess with intent to distribute 500
grams or more of cocaine, conspiracy to possess with intent to
distribute cocaine and possession of a firearm by a convicted
felon, following a guilty plea in Case No. 07-14034-Cr-Moore.

     The Court has reviewed the motion (Cv-DE#1) with supporting
memorandum[1], the government's response with exhibits (Cv-DE#8), the
movant's reply (Cv-DE#11), the Presentence Investigation Report
(PSI), and all pertinent portions of the underlying criminal file.

     In the §2255 motion, the movant raised the following claims:

     1.   He was denied effective assistance of counsel
          because his attorney:

---

[1] The supporting memorandum was not docketed as a separate entry, but
rather remained part of the motion to vacate, thus it will be referenced as
Cv-DE#1.

      a.   failed to object to the court's use of his invalid prior convictions which qualified him as an armed career criminal; to wit: Count Five alleged two prior convictions for which he was never charged. (Cv-DE#1:6).

      b.   failed to obtain the movant's certified prior state record, which reveals the correct charges and dates of the offenses. (Cv-DE#1:8).

It should be noted that the foregoing claims, as listed above, could have been, but were not raised on direct appeal. Notwithstanding, construing the argument made by the movant in support thereof, he appears to argue that counsel was ineffective for failing to pursue the claim either at trial or on direct appeal. A claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus, each claim will be discussed in this Report, *infra*.

Moreover, the claims raised in his motion are inter-related and duplicative, as such the issues will be discussed together.

<u>Procedural History</u>

The procedural history of the underlying criminal case reveals that the movant was charged by indictment and pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more

of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g) and 924(e). (Cr-DEs#33,115).

Pursuant to the terms of the written plea agreement, the movant acknowledged that the sentence may be imposed in conformity with the U.S. Sentencing Guideline and Policy Statements, and that the sentence would be imposed after the court relied in part on the results of the PSI, and acknowledged that the court could depart from the guideline range. (Cr-DE#115:2). He further acknowledged that as to Count One, the court must impose a statutory minimum term of 10 years and up to a statutory maximum term of life imprisonment. (Id.:3). As to Count Two, the movant acknowledged that the court may impose a statutory maximum term of 30 years and as to Count Five, the court must impose a statutory minimum term of 15 years. (Id.). In exchange, the government agreed to move to dismiss Counts Three and Four of the Indictment after sentencing and to recommend that the court impose a sentence within the advisory sentencing guideline range. (Id.:1). Additionally, the government agreed to jointly recommend to the court to neither depart upward nor downward under the Sentencing Guidelines and recommend to the court to impose a sentence at the low end of the guideline range. (Id.).

Moreover, pursuant to the terms of the written plea agreement, the government agreed to recommend at sentencing a two to three level reduction based up on the movant's timely acceptance of personal responsibility. (Cr-DE#115:5). Additionally, the movant acknowledged that he waived all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to

3

appeal the manner in which the sentence was imposed.

The PSI determined that U.S.S.G. §3D1.2 applies as to Counts One and Two because the offense level is determined largely based on the basis of the total amount of the quantity of the substance involved and the guideline is written to cover such behavior. (PSI¶42). The guideline as to Count Five is found in U.S.S.G. §2K2.1. (Id.). Moreover, pursuant to U.S.S.G. §3D1.2(c), Count Five is grouped with Counts One and Two because one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts. (Id.).

Pursuant to U.S.S.G. §3D1.2(a)-(c), the offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B and C of Chapter Three, for the most serious of the counts comprising the Group. (PSI¶43). In this case, U.S.S.G. §2D1.1 produces the highest offense level. (Id.). The guideline for the underlying offense, 21 U.S.C. §846, is found in U.S.S.G. §2D1.1(a)(3), which provides a base offense level of 26 for an offense involving possession with intent to distribute at least 500 grams, but less than two kilograms of cocaine. (PSI¶44). The base offense level was increased two levels because a dangerous weapon was possessed, pursuant to §2D1.1(b)(1). (PSI¶45). Additionally, the defendant qualified as an armed career criminal because he was subject to an enhanced sentence under provisions of 18 U.S.C. §924(e), pursuant to U.S.S.G. §4B1.4(a). (PSI¶50). Thus, pursuant to U.S.S.G. §4B1.4(b)(3)(A), the offense level is 34. (Id.). However, pursuant to U.S.S.G. §3E1.1(a), a two level decrease was subtracted to the base offense level because the movant clearly demonstrated acceptance of responsibility for his offense. (PSI¶51). The probation officer further determined that

4

pursuant to U.S.S.G. §3E1.1(b), for the defendant to receive the additional one level decrease, the government must file a motion stating the defendant assisted authorities in the investigation of his own misconduct by timely notifying authorities of his intention to plead guilty. (PSI¶52). Thus, the total offense level was set at 31.(PSI¶53).

The probation officer next determined that the movant had a total of 22 criminal history points. (PSI¶97). Pursuant to U.S.S.G. §4A1.1(e), two criminal points were added because the movant committed the offense less than two years from release from custody. (PSI¶98). Therefore, the movant had a total of 24 criminal history points, resulting in a criminal history category VI. (PSI¶99). Based on a total offense level of 24 and a criminal history category VI, the movant's guideline range was 188 to 235 months in prison. (PSI¶137).

On December 10, 2007, the movant appeared for sentencing. The court thereupon, after hearing the statements of the parties, the Presentence Report which contains the advisory guidelines and statutory factors, the court committed the movant to a prison term of 188 months, as to Counts One and Two, to be served concurrently. (Cv-DE#10:4). The court further imposed a total of 8 years of supervised release and a special assessment of $300.00 (Id.).

The judgment was entered by the Clerk on December 11, 2007. (Cr-DE#147). No direct appeal was filed. (Cv-DE#1). The judgment of conviction in the underlying criminal case became final at the latest on December 27, 2007, ten days after the entry of judgment

(Cr-DE#147), when time expired for filing a notice of appeal.[2] This motion to vacate was filed less than one year later on August 19, 2008.[3] (Cv-DE#1).

<u>Waiver of Claims</u>

Before turning to a discussion of the claims on the merits, it should first be noted that the movant waived his right to contest all nonjurisdictional defects and defenses, when he entered into a knowing and voluntary guilty plea. In **claims one(a)** and **one(b),** as listed above, the movant asserts that he was denied effective assistance of counsel because his lawyer failed to object to the court's use of his invalid prior convictions used to qualify him as an armed career criminal and failed to obtain the movant's certified prior state record. (Cr-DE#1). It is well-settled that sentence appeal waivers are valid if made knowingly and voluntarily. <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (internal citation omitted). The Eleventh Circuit has held that "[a] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (11th

---

[2]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. <u>Adams v. United States</u>, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[3]<u>See Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999)(The prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing.)

Cir. 2005); <u>see</u> <u>also</u>, <u>Leach v. United States</u>, 171 Fed. Appx. 765 (11th Cir. 2006); <u>Johnson v. United States</u>, 2007 WL 4615236 *5-6 (S.D. Fla. 2007).

In this case, the movant's waiver of his right to collateral attack is valid and enforceable against **claims one(a)** and **one(b)**. The record demonstrates that this Court specifically questioned movant about the waiver during the Rule 11 hearing and that movant understood its significance. (Cv-DE#8,Ex.5:9-10). Therefore, the movant's waiver of his right to collaterally attack his sentence is enforceable, and the Court need not reach the merits of the movant's arguments relating to his sentence as found in the foregoing claims. <u>Williams v. United States</u>, 396 F.3d 1340, 1341. As noted by the <u>Williams</u> court, to hold otherwise would permit the movant "to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." <u>Williams</u>, *supra*. Notwithstanding, the claims will be addressed briefly on the merits below.

Moreover, to ensure that a plea is voluntary and knowing, Fed.R.Cr.P. 11(b)(1) states that "the court must address the defendant personally in open court before accepting the plea and inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." <u>Gordon v. United States</u>, 496 F.3d 1270, 1277 (11th Cir. 2007). The rule imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. <u>Id.</u> (citations omitted).

Thus, "[a] court accepting a guilty plea must comply with Rule

11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." <u>United States v. Moriarty</u>, 429 F.3d 1012, 1019 (2005). In <u>Moriarty</u>, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its obligation to apply the Guidelines; and the Government's right, in a prosecution for perjury, to use against the defendant any statement that he gives under oath.

<u>Id.</u>

Review of the change of plea proceedings reveals that the court conducted a thorough Rule 11 proceeding. (Cv-DE#8,Ex.5). At that time, the movant acknowledged under oath[4] that he was satisfied with counsel's representation, and that he had discussed all things necessary with his attorney prior to entering his guilty plea. (<u>Id.</u>:5-6). The court advised and the movant acknowledged the potential consequences of entering a guilty plea. (<u>Id.</u>:8-11,17-20). The movant also denied being forced, threatened or coerced into changing his plea, and denied being made any representations in

---

[4]The law is clear that "solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977); <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. <u>Machibroda v. United States</u>, 368 U.S. 487 (1962).

order to convince him to plead guilty. (<u>Id.</u>:10-11). The court further advised the movant of the essential elements of the offenses, as well as, the fact that as to Count One, the term of imprisonment is a statutory minimum of 10 years; as to Count Two, the term of imprisonment is up to a statutory maximum of 30 years; and as to Count Five, the term of imprisonment is a statutory minimum of 15 years. (<u>Id.</u>:8).

On the record before this court, it is evident that the movant understood the facts and the elements of the offense upon which the charges rested. Moreover, by way of entering into the negotiated plea agreement, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under these circumstances, no showing has been made that the plea was anything but knowing and voluntary. Therefore, the movant's knowing and voluntary guilty plea waived all non-jurisdictional defects and defenses. Thus, he is not entitled to review of **claims one(a)** and **one(b),** as listed above in this collateral proceeding. Notwithstanding, the claims will be addressed briefly on the merits below.

To the extent the movant means to argue that he was unaware of the consequences of his plea, that claim is also belied by the record. As noted above, the Rule 11 proceeding thoroughly addressed the consequences of the guilty plea, the statutory and minimum penalties, and the sentence appeal waiver. Thus, it is clear that the movant may not collaterally challenge his sentence, as he purports to do so here, in the guise of an ineffective assistance of counsel claim.

There is nothing of record to suggest that the movant did not

understand the significance of the waiver of appeal. The record reveals that the waiver did not result in an unlawful denial of his right to appeal, but was rather a part of a lawful, enforceable agreement between the movant and the government. Under the circumstances presented here, the movant is not only precluded from challenging the manner in which his sentence was imposed, but is also precluded from challenging his sentence in the guise of an ineffective assistance of counsel claim. Williams, *supra*. Moreover, even if the claims were not precluded, as discussed above, no showing has been made that the movant was denied effective assistance of counsel when his lawyer failed to object to the court's use of his invalid prior convictions which qualified him as an armed career criminal and failed to obtain the movant's certified prior state record. (Cr-DE#1). Thus, the movant has failed to establish prejudice pursuant to Strickland and is therefore entitled to no relief on these claims.  This will be discussed in detail *infra*.


## Discussion of Claims

    As noted above, the movant raises two claims which challenge counsel's effectiveness, each of which will be discussed together in this Report. In order for the movant to prevail on a claim of ineffective assistance of counsel, he must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995).  Prejudice in the sentencing context requires a showing

that the sentence was increased due to counsel's error. <u>Glover v. United States</u>, 531 U.S. 198, 203-04 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-pronged <u>Strickland</u> standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). The movant does not claim that but for counsel's alleged deficient performance, he would not have pleaded guilty and would have proceeded to trial.

Moreover, review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11th Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.2d 384, 386 (11th Cir. 1994).

Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. <u>See</u> <u>United States v. Robinson</u>, 64 F.3d 403, 405 (8th Cir. 1995), <u>Ferguson v. United States</u>, 699 F.2d 1071 (11th Cir. 1983), <u>United States v. Ammirato</u>, 670 F.2d 552 (5th Cir. 1982); <u>United States v. Sanderson</u>, 595 F.2d 1021 (5th Cir. 1979).

In **claim one(a)** and **one(b)**, the movant asserts he was denied effective assistance of counsel because his attorney failed to object to the court's use of his invalid prior convictions, which qualified him as an armed career criminal and counsel failed to obtain the certified prior state record which revealed the correct charges and dates of the offenses. (Cv-DE#1:6,8). In support thereof, the movant argues that Count Five alleged two prior convictions for which he was never charged, to wit: Florida case number 85-75, sale of cocaine and Florida case number 87-1025, possession of cocaine with intent to sell.[5]

Accordingly, the movant argues, that the judgment rendered in case number 85-75, was for "cocaine possession" and not for the "sale of cocaine" and therefore cannot be used for enhancement purposes because it fails to demonstrate the required intent proscribed by the statute. Likewise, the judgment rendered in case number 87-1025 does not list "possession of cocaine with intent to sell," but rather, lists "cocaine possession" and as such, it also cannot be used.

Notwithstanding the movant's contention regarding the validity of his prior convictions, certified record copies from the Indian River County Clerk of the Court reveal that on April 9, 1985, a judgment was entered in case number 85-75 finding the movant guilty of possession of controlled substance with intent to sell or deliver and sale of a controlled substance. (Cv-DE#8,Ex.2). Moreover, the certified record copies further reveal that the movant was found guilty on April 8, 1988, in case number 87-1025, for possession of cocaine with intent to sell. <u>Id.</u>

---

[5]The movant does not challenge the validity of his prior conviction for Escape, case number 85-1928CF, thus it will not be addressed.

It appears the movant confuses the armed career criminal enhancement pursuant to 21 U.S.C. §924(e) with the sentence enhancement found in 18 U.S.C. §851. The armed career criminal act provides an enhanced sentence for any person who unlawfully possesses a firearm in violation of 18 U.S.C. §922(g) and has three prior convictions by any court referred to in section 922(g)(1) for a violent felony or a serious drug offense. Custis, 511 U.S. at 491. Section 924(e) applies whenever a defendant is found to have suffered "three previous convictions" of the type specified. Id. Whereas 21 U.S.C. §851 sets forth specific procedures allowing a defendant to challenge the validity of a prior conviction used to enhance the sentence for a federal drug offense. Id. In the instant case, the government listed three convictions in Count Five of the Indictment to qualify the movant as an armed career criminal. Additionally, the government filed an information pursuant to §851, for the offenses set forth in Counts One and Two, utilizing two of the three convictions used for the armed career criminal enhancement. Thus, it appears that the movant mistakenly extends the procedures available; namely, challenging the validity of the prior conviction, pursuant to §851 to a §924(e) enhancement.

As will be recalled, the movant was charged in part with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g) and 924(e). (Cr-DEs#33,115). Title 18 U.S.C. §922(g)(1) makes it unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. §922(g)(1). The penalty provisions, 18 U.S.C. §924(e), provides in pertinent part, that anyone who "violates section 922(g) of this

13

title and has three previous convictions by any court referred in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. §924(e).

Section 922(e)(2) defines "serious drug offense" and "violent felony" in the following manner:

> (A) the term "serious drug offense" means -
>
> > (i) an offense under the Controlled Substances Act (21 U.S.C. 808 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
> >
> > (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that -
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. §924(e). Accordingly, the convictions listed in Count Five of the indictment fall within the type of offenses the statute intended to include, thus they were proper for purposes of a §924(e) enhancement. Therefore, because the movant's claim involved the enhancement pursuant to §924(e), the provisions set forth in 21 U.S.C §851 are inapplicable and accordingly, the government is not

required to follow the notice requirements of section 851 when a
defendant receives an enhanced sentence as a career offender under
the Guidelines, so long as the enhanced sentence is still within
the permissible statutory range.[6] <u>Young v. United States</u>, 936 F.2d
533, 535-36 (11th Cir. 1991), <u>citing</u> <u>United States v. Wallace</u>, 895
F.2d 487 (8th Cir. 1990); <u>United States v. McElroy</u>, 180 Fed. Appx.
82 (11th Cir. 200)(accord)(unpublished opinion). Neither was the
court required to provide the movant with the opportunity to
challenge the validity of prior convictions under this statute.
<u>Custis</u>, *supra* at 493.   The Court in <u>Custis</u> stated:

> [Section] 924(e) lacks any indication that Congress intended to
> permit collateral attacks on prior convictions used for sentence
> enhancement purposes. The contrast between §924(e) and statutes that
> expressly provide avenues for collateral attacks . . . , point
> strongly to the conclusion that Congress did not intend to permit
> collateral attacks on prior convictions under §924(e).

<u>Id.</u>

Review of the record reveals not only that the movant's
sentence was within the statutory range, but that the court imposed
a sentence pursuant to the Sentencing Guidelines. The movant's
sentence was enhanced as an armed career criminal pursuant to
U.S.S.G. §4B1.4(a) and U.S.S.G. §4B1.4(b)(3)(B) because he was
subject to an enhanced sentence under the offense of conviction, 18
U.S.C. §924(e). The movant faced a statutory minimum of 15 years in
prison and a statutory maximum of life imprisonment pursuant to 18
U.S.C. §924(e)(1). Based on his total offense level 31 and criminal
history category VI, the guideline imprisonment range was 188 to
235 months in prison. The movant was sentenced to the low end of

---

[6]Since the movant's status as an armed career criminal was not as a
result of a §851 enhancement, the movant does not have the right to neither
affirm or deny his previous conviction nor request a hearing in the situation
of a denial. 21 U.S.C. §851. Additionally, the United States Attorney is not
required to file an information to establish the movant's prior convictions
pursuant to §924(e). <u>Id.</u>

the applicable guidelines range to a total term of 188 months in prison, well below the statutory maximum term of imprisonment. Under these circumstances, counsel was not ineffective for failing to object to the validity of the movant's prior convictions. As such, no showing has been made that counsel was deficient or that the movant was prejudiced pursuant to Strickland, *supra*.

Moreover, although the record is devoid of any evidence as to whether counsel obtained the movant's certified prior state record, this claim is without merit. As discussed *infra*, the convictions used by the government for purposes of the enhancement are permissible; thereby, qualifying the movant as a armed career criminal. Thus, even if counsel was deficient for failing to obtain his own copy of the movant's prior state record, the movant was not prejudiced as a result thereof.

To the extent the movant means to argue that his prior convictions must be proven to a jury, this claim is without merit. The Eleventh Circuit has rejected that prior convictions must be proven to a jury, and this holding is not altered by United States v. Booker, 543 U.S. 220 (2005) or Shepard v. United States, 544 U.S. 13 (2005). See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1311 (11th Cir. 2005), cert. den'd, 546 U.S. 951, 126 S.Ct. 457 (2005); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 & n.3 (11th Cir. 2005), cert. den'd, 546 U.S. 885, 126 S. Ct. 223 (2005). The law is clear that in this Circuit that there is no Sixth Amendment violation when the court determines whether a prior conviction is a qualifying offense. United States v. Gallegaos-Aquero, 409 F.3d 1274, 1276-77 (11th Cir.2005)(discussing qualifying offenses under U.S.S.G. §2L1.2(b)(1)(A)(vii)).

To the extent the movant means to argue that his prior

convictions are not qualifying because he pleaded nolo contendere, this claim is also without merit. The Eleventh Circuit has held that a "a nolo contendere plea where adjudication is not withheld or where there is subsequently an adjudication of guilt is a conviction under Florida law which satisfies the requirement of the Armed Career Criminal statute." United States v. Drayton, 113 F.3d 1191 (11th Cir. 1997). In Drayton, the movant petitioned for rehearing citing United States v. Willis, 106 F.3d 966 (11th Cir. 1997), which holds that a nolo contendere plea is not a conviction under Florida law. See Drayton, 113 F.3d at 1192. However, the court distinguishes between those pleads of nolo contendere, standing alone, which do not constitute a conviction and those wherein guilt is adjudicated. Id. In Florida, a trial court is permitted to both, withhold adjudication of guilt on a plea of nolo contendere or enter a nolo plea with adjudication of guilt. Id. Consequently, the holding in Willis, does not control a plea of nolo contendere followed with an adjudication of guilt, as found in both of the movant's prior state convictions. See id. In both prior state convictions, case numbers 87-1025 and 85-75, the movant pleaded nolo contendere, wherein the court thereafter convicted and adjudicated him guilty of the offenses. (Cv-DE#8,Ex.2). Under these circumstances, the movant's prior convictions wherein a plea of nolo contendere with an adjudication of guilt was entered, qualifies as a conviction for enhancement purposes under the Armed Career Criminal statute.

To the extent the movant means to argue that counsel should have advised him that he could collaterally attack his prior convictions in state court, that claims warrants no relief in this collateral proceeding. The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that

time, he may then seek to reopen and reduce the federal sentence. See United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999). However, in the absence of such an occurrence, a collateral attack upon his federal sentence is unavailable. See Custis v. United States, 511 U.S. 485 (1994).

It is well settled that collateral attacks on prior state convictions are generally prohibited in federal sentencing proceedings, and may be raised only when the conviction was obtained in violation of the defendant's right to counsel. Custis, 511 U.S. at 487. Moreover, the Supreme Court has held that a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) may not collaterally attack that conviction through a motion pursuant to 28 U.S.C. §2255 directed at the enhanced federal sentence. Daniels v. United States, 523 U.S. 374 (2001), citing Custis v. United States, 511 U.S. 485, 493 (1994)(only prior convictions which may be collaterally attacked at sentencing were those obtained in violation of the right to appointed counsel).

The movant does not assert that he was not represented by counsel, but merely attempts to challenge the validity of his prior convictions arguing that he was merely convicted of cocaine possession regarding case number 85-75 and that the conviction for case number 87-1025, possession of cocaine with intent to sell, is not listed on the state records and thus does not qualify for purposes of a sentence enhancement. (Cv-DE#1). The movant has also not shown that the prior convictions he is challenging in this proceeding have been vacated, and there is nothing of record to support such a conclusion. Thus, there appears to have been no legal basis to challenge the validity of the underlying state convictions at the time of the movant's sentencing in federal

18

court, nor at this time. Under these circumstances, no deficient performance or prejudice has been demonstrated arising from counsel's failure to pursue the claim at sentencing or on appeal.

<u>Conclusion</u>

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 29th day of October, 2008.

UNITED STATES MAGISTRATE JUDGE

cc:  Tommy Pennamon, Pro Se
     Reg. No. 75922-004
     Williamsburg Federal Correctional Institute
     Inmate Mail/Parcels
     P.O. Box 340
     Salters, SC 29590

     Rinku Talwar, AUSA
     United States Attorney's Office
     505 S 2nd Street
     Suite 200
     Fort Pierce, FL 34950

19